IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EVDOKIA BARSUKOFF**, Personal Representative of the Estate of **NATALIA MOLODIH**, Deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>**UNION PACIFIC RAILROAD COMPANY**, a Foreign Corporation, and **BENJAMIN F. EVANS**, a Citizen of Oregon,<br><br>    Defendants. | Civ. No. 3:20-cv-00980-MC<br><br>ORDER |

MCSHANE, Judge:

    Plaintiff Evdokia Barsukoff brings this wrongful death action as personal representative of the Estate of Natalie Molodih against Defendants Union Pacific Railroad Company and Benjamin Evans, an Amtrak employee. Defendants removed this action, arguing that federal jurisdiction is appropriate because the case involves Amtrak. Plaintiff moves to remand, arguing that this Court does not have jurisdiction because Amtrak is not a party. For the reasons discussed below, Plaintiff's Motion to Remand, ECF No. 5, is GRANTED.

## BACKGROUND

    Plaintiff's decedent, Ms. Molodih, was driving across a Union Pacific Railroad Company ("UP") rail crossing in Hubbard, Oregon on May 31, 2017. Notice of Removal Ex. A, at ¶ 3, ECF No. 1 ("Pl's. Compl."). Mr. Evans, an Amtrak employee, struck Ms. Molodih's truck while

1 –ORDER

operating an Amtrak train at seventy miles per hour. *Id.* at ¶¶ 1(e), 4. Ms. Molodih died as a result of her injuries. *Id.* at ¶ 5. Plaintiff alleges that UP repeatedly ignored hazardous conditions at the crossing and ignored and dissuaded documentation of hazardous conditions generally. *Id.* at ¶ 7. Plaintiff also alleges that Mr. Evans failed to slow the train or otherwise account for the hazard. *Id.* at ¶ 8. Plaintiff filed this action in Multnomah County Circuit Court on May 19, 2020. Notice of Removal 1. Defendants timely filed a Notice of Removal. *Id.* at 2. Plaintiff filed the instant Motion to Remand on July 16, 2020. ECF No. 5.

## STANDARD OF REVIEW

A defendant may remove a civil action from state court to federal district court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions arising under the Constitution and laws of the United States. 28 U.S.C. § 1331. When, as here, the court lacks diversity jurisdiction, removal is proper only when the court has federal-question jurisdiction over the subject matter of the complaint. *Caterpillar Inc. v. Willaims*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (internal quotations and citation omitted).

One exception to the well-pleaded complaint rule is the "artful pleading" doctrine. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007). When a federal statute completely preempts a particular area of law, the artful pleading doctrine provides that even a well-pleaded state law claim may be brought in federal court. *Id*. "When the federal statute completely

preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

If, following removal, the court determines it lacks original jurisdiction, and that the case was therefore improperly removed, it must remand the matter to state court. 28 U.S.C. § 1447(c); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

## DISCUSSION

District courts have jurisdiction over civil actions by or against a corporation where the U.S. government owns half or more of the corporation's stock. 28 U.S.C. § 1349. Here, Mr. Evans was an Amtrak employee and was operating an Amtrak train. Pl.'s Compl. ¶¶ 1(e), 4, 23. Plaintiff argues that because Amtrak is not a named party and this case only tangentially involves Amtrak, this Court does not have jurisdiction. Pl.'s Mot. 4, ECF No. 4.

In *Day v. BNSF Ry. Co.*, the district court found that Amtrak "lacked the authority to remove [the] action to federal court" because Amtrak was not a named defendant or third-party defendant and did not move to intervene or be substituted as a party in interest. 2016 U.S. Dist. LEXIS 182617, at *9 (W.D. La. Nov. 21, 2016), *report and recommendation adopted by Day v. BNSF Ry. Co.*, 2017 U.S. Dist. LEXIS 9072 (W.D. La. Jan. 19, 2017). Here, Defendants removed the action, not Amtrak. Even so, Defendants have failed to cite authority or allege facts

3 –ORDER

sufficient to uphold their burden of establishing that removal is proper. *See Gaus*, 980 F.2d at 566 (quoting *Nishimoto*, 903 F.2d at 712 n.3).

Defendants rely on *Hollus v. Amtrak Northeast Corridor*, where the district court held that "[b]ecause a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over any action involving Amtrak." 937 F. Supp. 1110, 1113 (D.N.J. 1996), *affd* 118 F3d 1575 (3d Cir 1997). Amtrak's only involvement in the present action is its status as Mr. Evans's employer and owner of the train Mr. Evans was operating. In contrast, the plaintiff in *Hollus* named Amtrak as a defendant in her complaint. *See* 937 F. Supp. at 1111. Defendants argue that Plaintiff cannot avoid federal jurisdiction by naming Mr. Evans and not Amtrak itself. Defs.' Resp. 4, ECF No. 6. A trier of fact could, however, find Mr. Evans liable for negligence independent of Amtrak. *See Day*, 2017 U.S. Dist. LEXIS 9072, at *10. Because there exists considerable doubt as to Defendants' right to remove this case, this Court must decline to exercise jurisdiction. *See Gaus*, 980 F.2d at 566.

## CONCLUSION

Because Defendants have not met their burden of establishing that removal was proper, this Court remands this matter to state court. 28 U.S.C. § 1447(c); *Franchise Tax Bd.*, 463 U.S. at 8. Plaintiff's Motion to Remand, ECF No. 5, is GRANTED. Plaintiff is granted 14 days to move for costs and any actual expenses incurred as a result of the improper removal. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

DATED this 27th day of August, 2020.

                                                    /s/ Michael McShane
                                                       Michael J. McShane
                                          United States District Judge